UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KATHLEEN CANTU,

    Plaintiff,

v.                                      Case No.:  2:19-cv-832-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION AND ORDER**

Plaintiff Kathleen Marie Cantu filed a Complaint on November 20, 2019. (Doc. 1).  Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits.  The Commissioner filed the transcript of the administrative proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint memorandum detailing their respective positions.  (Doc. 18).  For the reasons set forth herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.**      **Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a

continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

## II.     Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on February 20, 2015, alleging a disability onset date of February 19, 2015. (Tr. at 15).[1] That claim was denied initially on May 4, 2015, and upon reconsideration on October 14, 2015. (*Id*.). Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and ALJ Shannon H. Heath held that hearing on October 12, 2016. (*Id*. at 15, 23). ALJ Heath issued an unfavorable decision on February 15, 2017. (*Id*. at 23). The Appeals Council denied Plaintiff's request for review on October 30, 2017. (*Id*. at 1-5). Plaintiff then filed her Complaint with this Court, and the Court remanded the case for further proceedings on October 2, 2018. (*Id*. at 531-38).

---

[1] The SSA revised the rules regarding the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5844 (Jan. 18, 2017). The new regulations, however, do not apply in Plaintiff's case because Plaintiff filed her claim before March 27, 2017.

2

While Plaintiff's civil action was pending, she filed a subsequent application for benefits on January 3, 2018, alleging the same impairments, which was again denied by the SSA. (*Id.* at 507-30, 572-85, 643-46). The Appeals Council processed the Court's October 2, 2018 Order on November 19, 2018, vacating the 2017 ALJ decision and consolidated the two claims. (*Id.* at 541-44).

Thereafter, ALJ Eric Anschuetz held a hearing on May 9, 2019. (*Id.* at 435-74). ALJ Anschuetz issued an unfavorable decision on July 29, 2019, finding that Plaintiff was not under a disability from February 19, 2015 through July 29, 2019. (*Id.* at 411-24). Plaintiff filed exceptions on September 20, 2019, which were considered untimely and not processed, (*id.* at 404-07); however, exceptions are optional and not required before filing a civil action in a matter previously remanded by the federal court, *see* 20 C.F.R. § 404.984. Plaintiff then filed a Complaint with this Court on November 20, 2019, and the parties consented to proceed before a Unites States Magistrate Judge for all purposes. (Docs. 1, 11, 13). The matter is, therefore, ripe for the Court's review.

### III. Summary of the Administrative Law Judge's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). An ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or

3

equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2020. (Tr. at 413). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 19, 2015, the alleged onset date. (*Id.*). At step two, the ALJ determined that Plaintiff has the following severe impairments: "osteoporosis, scoliosis, cervicalgia, lumbago, right hip pain, neck pain, hand numbness, and low back pain (20 [C.F.R. §] 404.1520(c))." (*Id.*). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. (*Id.* at 416).

At step four, the ALJ found:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404. 1567(b) except lifting/carrying 20 pounds occasionally and 10 pounds frequently; standing/walking 6 hours; sitting 6 hours; frequently balancing; and occasionally climbing, stooping, kneeling, crouching, and crawling.

(*Id.* at 417). Ultimately, the ALJ determined that "[Plaintiff] is capable of performing [her] past relevant work as a hairstylist and retail manager." (*Id.* at 423). The ALJ, thus, concluded that Plaintiff was not under a disability from February 19, 2015, the alleged onset date of disability, through July 29, 2019, the date of his decision. (*Id.* at 424).

IV. **Standard of Review**

  The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

  Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district

5

court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

V. **Analysis**

On appeal, Plaintiff raises five issues. As stated by the parties, the issues are:

1. Whether the ALJ Erred in Again Rejecting the Opinion of Dr. Daitch;

2. Whether the ALJ Properly Accounted for the Severe Impairment of "Hand Numbness" in the Residual Functional Capacity Finding;

3. Whether the ALJ Properly Considered Plaintiff's Medically Determinable Mental Impairments in Determining Plaintiff Could Return to Skilled Work;

4. Whether the ALJ Complied with Social Security Rulings 82-61 and 82-62 in Finding Plaintiff Could Perform Her Past Composite Job; and

5. Whether the Rejection of Plaintiff's Alleged Symptoms and Limitations Is Supported by Substantial Evidence.

(Doc. at 18 at 29). The Court addresses the issues below, beginning with the fourth issue.

### A. The ALJ erred by failing to determine whether Plaintiff's past relevant work was a composite job.

Plaintiff asserts that her past relevant work ("PRW") is properly classified as a composite job. (Doc. 18 at 58 (citing Tr. at 36, 471)). Accordingly, Plaintiff argues that her ability to perform her PRW at step four of the sequential evaluation process

6

should have been determined based on how Plaintiff's PRW was *actually* performed, not how it is *generally* performed in the national economy. (*Id.* at 59 (citing Program Operations Manual System ("POMS") DI § 25005.020; *Ray v. Berryhill*, 915 F.3d 486, 491-92 (7th Cir. 2019))).

Plaintiff asserts that, despite SSR 82-62, which requires the ALJ to clearly and rationally articulate his decision to allow for meaningful appellate review, the ALJ failed to make a finding regarding whether Plaintiff's PRW was a composite job and failed to specify whether Plaintiff could return to her PRW as it was actually performed or as it is generally performed. (*Id.* at 59-60 (citing Tr. at 423)).

She also argues that the vocational experts' ("VE") testimony cannot support an "implicit finding that Plaintiff could return to the composite job as actually performed because the vocational witnesses cited only the [Dictionary of Occupational Titles ("DOT")] descriptions as job components were *generally* performed." (*Id.* at 60). Plaintiff contends that the VEs' testimony, which the ALJ relied on, described the Hair Stylist and Retail Manager jobs as they are generally performed, not as how Plaintiff actually performed her composite job. (*Id.* (citing Tr. at 36, 471)).

Finally, Plaintiff argues that the only evidence in the record of how Plaintiff actually performed her PRW consists of inconsistent statements that exceed the requirements of the RFC determined by the ALJ. (*Id.* at 60-62 (citing Tr. at 182, 417, 441-42, 661)). Plaintiff contends that, because the evidence in the record of how

7

her composite job was actually performed conflicts with her limitations in the RFC, the ALJ's step four finding constitutes harmful error. (*Id.* at 62).

In response, the Commissioner asserts that Plaintiff bears the burden at step four of proving that she could not perform her PRW as it was actually performed or as it is generally performed. (*Id.* at 62-63 (citing *Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th Cir. 1986))).

Additionally, the Commissioner agrees with Plaintiff, stating that "[t]he ALJ found that Plaintiff could perform her past relevant jobs as a hair stylist and retail manager as generally performed in the national economy given her RFC and the physical demands of the occupation[s]." (*Id.* at 63 (citing Tr. at 423)). The Commissioner asserts that the ALJ could find Plaintiff able to perform her PRW as it is generally performed in the national economy based on the DOT. (*Id.* (citing *Scott v. Comm'r of Soc. Sec.*, 440 F. App'x 726, 728 (11th Cir. 2011))). The Commissioner also argues that the ALJ properly relied on the testimony of a VE to conclude that Plaintiff could perform her PRW as a hair stylist and retail manager as the jobs are generally performed in the national economy. (*Id.* (citing *Simpson v. Comm'r of Soc. Sec.*, 423 F. App'x 882, 884-85 (11th Cir. 2011); *Jackson*, 801 F.2d at 1293-94)).

The Commissioner also asserts that, "although the [composite] job as Plaintiff [actually] performed it may have involved functional demands and job duties significantly in excess of those generally required for the job, she could still perform the job of retail manager as generally performed in the national economy." (*Id.* at 64). In support, the Commissioner cites portions of the record where Plaintiff

8

revealed that she still researches and provides ideas to her husband to incorporate into her salon business.  (*Id.* (citing Tr. at 418, 445-46)).

Finally, the Commissioner argues that, "to the extent Plaintiff's work as a hair stylist and retail manager might be considered a composite job, the job would have no counterpart in the DOT."  (*Id.* (citing SSR 82-61, 1982 WL 31387, at *2 (1982))). As a result, the Commissioner contends, the ALJ would need to rely on the VE's expertise when the VE found that an individual with Plaintiff's limitations could perform all of Plaintiff's PRW.  (*Id.*).

As an initial matter, the Court notes that the POMS is an internal Social Security Administration document outlining *inter alia* various policies of the Commissioner and while it does not have the force of law, it can be persuasive. *Stroup v. Barnhart*, 327 F.3d 1258, 1262 (11th Cir. 2003).

At step four of the sequential evaluation process, Plaintiff bears the burden of showing that she can no longer perform her past relevant work as she actually performed it, or as it is performed in the general economy.  *Waldrop v. Comm'r. of Soc. Sec.*, 379 F. App'x 948, 953 (11th Cir. 2010) (citing *Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th Cir. 1986)).  "[I]t it is the claimant's burden to demonstrate not only that she can no longer perform her past relevant work as she actually performed it, but also that she can no longer perform this work as it is performed in the general economy."  *Id*.  Even though a plaintiff has the burden of showing she can no longer perform her past relevant work, the Commissioner has the obligation to develop a full and fair record.  *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations

9

omitted). To develop a full and fair record, an ALJ must consider all of the duties of that past relevant work and evaluate a plaintiff's ability to perform the past relevant work in spite of the impairments. *Levie v. Comm'r of Soc. Sec.*, 514 F. App'x 829, 831 (11th Cir. 2013). SSR 82-62 requires the ALJ to make the "following specific findings of fact: 1. A finding of fact as to the individual's RFC. 2. A finding of fact as to the physical and mental demands of the past job/occupation. 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation." SSR 82-62, 1982 WL 31386, at *4 (1982).[2] A plaintiff is the primary source for vocational documents, and "statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work." *Id*. at *3.

The analysis differs, however, when a plaintiff's past relevant work qualifies as a composite job. *Smith v. Comm'r of Soc. Sec.*, 743 F. App'x 951, 954 (11th Cir. 2018). A composite job is one that has "significant elements of two or more occupations and, as such, [has] no counterpart in the DOT." *Id.* (quoting SSR 82-61, 1982 WL 31387, at *2). For past relevant work to qualify as a composite job, the main duties of the past relevant work must include multiple DOT occupations as described by the plaintiff. *Id.* (citing POMS DI § 25005.020). "When the claimant's previous work

---

[2] "Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration. [citation omitted]. Even though the rulings are not binding on us, we should nonetheless accord the rulings great respect and deference." *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775 (11th Cir. 2010) (internal citation omitted).

10

qualifies as a composite job, the ALJ must consider the particular facts of the individual case to consider whether the claimant can perform [her] previous work as actually performed." *Id.* (citing SSR 82-61, 1982 WL 31387, at *2).

The Court finds that Plaintiff's PRW as a Hair Stylist/Retail Manager was a composite job. The Commissioner, correctly, never explicitly opposes this finding. (*See* Doc. 18 at 62-65). A composite job has significant elements of two or more occupations and, consequently, has no counterpart in the DOT. *Smith*, 743 F. App'x at 954 (quoting SSR 82-61, 1982 WL 31387, at *2). Plaintiff's testimony makes clear that her PRW consisted of styling hair and managing her salon. (*See* Tr. at 471-72). Additionally, both VEs explained that Plaintiff's PRW appeared to be composite. (*Id.* at 36, 471). Finally, while the ALJ never explicitly finds that Plaintiff's PRW is a composite job, he does find that she performed work that fell within two distinct occupations, each having their own DOT, during the same time period. (*Id.* at 423 (citing DOT § 332.271-018, 1991 WL 672808 (4th ed. 1991) (describing the occupation of hair stylist); DOT § 185.167-046, 1991 WL 671299 (4th ed. 1991) (describing the occupation of retail manager))).

Moreover, the evidence clearly shows that Plaintiff's PRW was a composite job because it involved significant elements of the two different occupations of hair stylist and retail manager. While Plaintiff managed her salon, which grew to a size of roughly 30 employees at two locations, (Tr. at 441-42), she was also styling customers' hair every day, (Tr. at 471-72).

Based upon the foregoing, the Court finds that substantial evidence supports the contention that Plaintiff's PRW was a composite job. *Smith*, 743 F. App'x at 954 (quoting SSR 82-61, 1982 WL 31387, at *2).

Additionally, because Plaintiff's PRW was a composite job, the Court finds that the ALJ erred by failing to: (1) determine whether Plaintiff's PRW was a composite job; (2) distinguish between whether Plaintiff could perform her PRW as it was *actually* performed or as it is *generally* performed; and (3) clarify whether the VE needed to present his testimony based on how the occupations of hair stylist and retail manager are generally performed in the national economy or how Plaintiff actually performed her composite job as a hair stylist/retail manager. *See id.*; *see also Gregory v. Astrue*, No. 5:07-cv-19-Oc-GRJ, 2008 WL 4372840, at *7 (M.D. Fla. Sept. 24, 2008).

The Court finds that the ALJ failed to distinguish between the PRW as Plaintiff actually performed it or as the relevant occupations are performed generally in the national economy. He failed to make this distinction both in the hearing, (*see* Tr. at 471-73), and in his final decision, (*see* Tr. at 423). Without this clarification, the Court is left guessing what rational the ALJ used to support his finding. Moreover, because of this error, the Court is unable to determine whether the ALJ correctly applied the law at step four of the sequential evaluation process.

On this point, the Commissioner argues that the ALJ did find that Plaintiff could perform her PRW as a hair stylist and retail manager as the jobs were generally performed in the national economy. (Doc. 18 at 63). The Court notes, however,

12

that the Eleventh Circuit has held that "a court may not accept . . . counsel's *post hoc* rationalizations for agency actions." *Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010) (citation omitted); *see also Williams v. Comm'r of Soc. Sec.*, No. 6:13-cv-1667-Orl-GJK, 2015 WL 1003852, at *2 n.3 (M.D. Fla. Mar. 6, 2015). Instead, "[i]f an action is to be upheld, it must be upheld on the same bases articulated in the agency's order." *Id.* Here, although the Commissioner set forth arguments as to why Plaintiff could perform her PRW as it is generally performed in the national economy, the fact remains that the ALJ did not articulate any of these reasons in his decision. As a result, the Court need not accept the Commissioner's *post-hoc* rationalization for the agency's actions. *See id.* Furthermore, the Court will not affirm simply because some rationale might have supported the ALJ's conclusion. *See Denomme v. Comm'r of Soc. Sec. Admin.*, 518 F. App'x at 875, 877-78 (11th Cir. 2013). Thus, the Court cannot find that the ALJ's error was harmless. *See Gregory v. Astrue*, No. 5:07-cv-19-Oc-GRJ, 2008 WL 4372840, at *7 (M.D. Fla. Sept. 24, 2008) ("[T]he ALJ's decision and the record read together is so ambiguous that the Court simply is unable to make meaningful review as to whether Plaintiff's job as a hairstylist/electrologist is or is not a composite job.").

Nonetheless, even if the Court were to find that the ALJ's decision turned on Plaintiff's PRW as "generally performed," the ALJ still failed to properly determine whether Plaintiff could perform her PRW. As the Eleventh Circuit noted in *Smith*, the analysis of a composite job requires the ALJ to consider the "particular facts of the individual case to consider whether the claimant can perform his previous work

13

as *actually* performed." *Smith*, 743 F. App'x at 954 (quoting SSR 82-61, 1982 WL 31387, at *2) (emphasis added). Moreover, POMS DI § 25005.020 confirms that composite jobs do not have DOT counterparts, and as such, they should not be evaluated "as generally performed in the national economy" at step four of the sequential evaluation process. As a result, even if the Court agreed with Defendant that the ALJ evaluated Plaintiff's ability to return to her PRW as it is "generally performed in the national economy," the ALJ's finding would have been in error because it was not based on how Plaintiff actually performed her composite job. *See Smith*, 743 F. App'x at 954 (quoting SSR 82-61, 1982 WL 31387, at *2); *see also* POMS DI § 25005.020.

The Court is also unpersuaded by the Commissioner's argument that the ALJ did not err because he relied on the testimony of a VE. (Doc. 18 at 64). The VE's testimony here is based on the DOT, which describes the relevant occupations as they are generally performed, and the ALJ never asked the VE if Plaintiff could perform her PRW, a composite job, as it was actually performed by Plaintiff. (*See* Tr. at 471-72). Because the record lacks analysis of Plaintiff's PRW as it was actually performed, effective appellate review is stifled and the Court cannot find that the ALJ's decision is supported by substantial evidence. Moreover, if the VE's testimony turned on Plaintiff's PRW as it was actually performed—an argument that Defendant does not make—the Court would still be unable to find that the VE's testimony was properly informed because there is insufficient evidence in the record on how Plaintiff actually performed her composite job.

14

The Court is similarly unpersuaded by the Commissioner's final argument, that because Plaintiff can perform her PRW as a retail manager as it is generally performed in the national economy, she has failed to prove that she cannot perform her PRW.  The Court finds this argument unpersuasive because composite jobs must be assessed based on how they are actually performed, not how the components of a composite job are generally performed.  *See Smith*, 743 F. App'x at 954 (quoting SSR 82-61, 1982 WL 31387, at *2); POMS DI § 25005.020.  If an ALJ finds that a plaintiff's PRW constitutes a composite job, the ALJ must determine whether the plaintiff has the RFC to perform the exertional demands of all the tasks associated with the composite job.  *Gregory v. Astrue*, No. 5:07-cv-19-Oc-GRJ, 2008 WL 4372840, at *7 (M.D. Fla. Sept. 24, 2008) (finding that the ALJ committed a reversible error when he failed to sufficiently develop the record for the court to determine whether the plaintiff's PRW was a composite job).  The ALJ's decision cannot be affirmed on the basis that Plaintiff can perform one aspect of a composite job as it is generally performed at the national level.  *See Roberts v. Astrue*, No. 8:08-cv-120-T-17EAJ, 2009 WL 722550, at *3 (M.D. Fla. Mar. 18, 2009) ("In deciding whether claimant can perform his past relevant work, an ALJ may not separate a composite job into two jobs and fail to focus on all the demands of the composite job.") (citations omitted).

Ultimately, it is the ALJ's job to evaluate and weigh evidence and resolve any conflicts in the record.  "In reviewing an ALJ's decision, [the Court] may not decide the facts anew, make credibility determination[s], or re-weigh the evidence, and [the

15

Court] must affirm the ALJ's findings if they are supported by substantial evidence, even if the evidence preponderates against them." *Jones v. Soc. Sec. Admin., Comm'r*, 695 F. App'x 507, 508 (11th Cir. 2017) (citing *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014); *Winschel v. Comm'r., Soc. Sec. Admin.*, 631 F.3d 1176, 1178 (11th Cir. 2011)). Upon review of the record, the Court finds that the ALJ's decision that Plaintiff can perform her PRW is not supported by substantial evidence given that the two pieces of evidence regarding how Plaintiff *actually* performed her composite job, two unsigned Disability Report Forms, both show limitations that exceed her RFC. (*Compare* Tr. at 182, 661 *with* Tr. at 417).

Although the Court finds that the ALJ erred, as noted above, an incorrect application of the regulations will result in harmless error if a correct application of the regulations would not contradict the ALJ's ultimate findings. *Denomme*, 518 F. App'x at 877-78 (citing *Diorio*, 721 F.2d at 728). In this case, the Court is not a factfinder and thus does not know what impact the development of the record on how Plaintiff *actually* performed her PRW, a composite job, would have had on the ALJ's decision. Moreover, the decision provides no indication that the ALJ considered how Plaintiff actually performed her PRW. The Court, therefore, cannot find that the ALJ's failure was harmless.

In sum, the Court finds that the ALJ committed harmful error by failing to: (1) determine whether Plaintiff's PRW was a composite job; (2) distinguish between whether Plaintiff was capable of performing her PRW as it was *actually* performed or as it is *generally* performed; and (3) clarify whether the VE needed to present his

16

testimony based on how the occupations of hair stylist and retail manager are generally performed in the national economy or how Plaintiff actually performed her composite job as a hair stylist/retail manager. The Court, therefore, reverses and remands the decision of the Commissioner on this issue.

### B. Plaintiff's Remaining Arguments

Based on the conclusion above, which warrants remand, the Court need not address the remaining issues Plaintiff raises. Upon remand, however, the ALJ must reevaluate all of the evidence of record. The Court emphasizes here that it is not finding at this time that Plaintiff cannot perform her PRW. Similarly, the Court is not finding that any other issue raised by Plaintiff demands a finding of disability. After reevaluation, the ALJ may once again reach the same conclusions. Nevertheless, for the reasons explained above, the Court cannot affirm the ALJ's decision because the ALJ committed an error that the Court cannot conclude is harmless.

## VI. Conclusion

Upon consideration of the parties' submissions and the administrative record, the Court finds that the ALJ committed a harmful error by failing to determine whether Plaintiff's past relevant work was a composite job, and, if it was, by failing to determine if Plaintiff could return to the work as it was *actually* performed. Accordingly, the Court **ORDERS** that:

1. The decision of the Commissioner is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

2. On remand, the Commissioner must:

    fully evaluate Plaintiff's past relevant work, determine if it was a composite job, and, if it was, determine whether she can return to her past relevant work as it was *actually* performed.

3. If Plaintiff prevails on remand, Plaintiff must comply with the November 14, 2012 Order (Doc. 1) in Case Number 6:12-mc-124-Orl-22.

4. The Clerk of Court is directed to enter judgment accordingly, to terminate any pending motions and deadlines, and to close the case.

**DONE AND ORDERED** in Fort Myers, Florida on March 15, 2021.

Mac R. McCoy
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties